UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 20-14421-CIV-CANNON/Reid

**REGINALD L. HOLSTON**,

    Plaintiff,

v.

**RYAN ENGLISH** *et al.*,

    Defendants.

_____/

**ORDER ADOPTING IN PART, MODIFYING IN PART, AND REJECTING IN PART REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon the Report and Recommendation issued by Magistrate Judge Lisette M. Reid ("Report") [ECF No. 41]. A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). For the following reasons, to permit proper and clear evaluation of Plaintiff's multiple claims, the Court respectfully **REJECTS** the recommendation of Judge Reid, **ORDERS** Plaintiff to file an Amended Complaint, and **WITHDRAWS** the referral to Magistrate Judge Reid.

This matter was referred to Judge Reid for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters [ECF No. 24]. Upon referral, Judge Reid ordered Plaintiff to file an Amended Complaint [ECF No. 28]. In the Order to Amend, Judge Reid noted several deficiencies in Plaintiff's Complaint, including that the initial Complaint was a shotgun pleading where each claim incorporated allegations referencing other claims, rendering it impossible for the Court to decipher which factual allegations supported which of Plaintiff's claims for relief [ECF No. 38, p. 4]. Judge Reid also notified Plaintiff that his Complaint

did not substantially follow the form provided for pro se prisoner civil rights complaints, as required by Local Rule 88.2(a)(4) [ECF No. 28, p. 4]. Plaintiff was ordered to file an amended complaint that substantially follows the civil rights form complaint; separates the claims arising from Okeechobee Correctional Institute from those arising from events at Charlotte Correctional Institute [ECF No. 28, p. 5]; and includes a short and plain statement of a claim for relief [ECF No. 28, p. 6].

Plaintiff then filed a 59-page Amended Complaint that did not substantially follow the Court provided form, raised 62 claims for relief, and did not separate the claims arising from Okeechobee Correctional Institute from the claims arising from Charlotte Correctional Institute [ECF No. 37]. The Amended Complaint, while substantially shorter than the initial complaint, nevertheless fails to comply with the local rules, and Rule 8 of the Federal Rules of Civil Procedure. It neither follows the Court provided form for Civil Rights Complaints nor states a short and plain claim for relief. Plaintiff's Amended Complaint continues to have "nesting dolls of realleged allegations that repeatedly reference other counts and paragraphs containing their own incorporated allegations" [ECF No. 28, p. 4], the same deficiency Judge Reid previously ordered Plaintiff to cure, and the same deficiency that inhibits the Court now from properly and clearly evaluating and addressing each claim for relief.

Although appearing *pro se*, Plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal of *pro se* litigant's noncompliance with court orders). Failure to adhere to procedural rules or court orders provides grounds for dismissal. *See Brutus v. Int'l Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–

41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified). However, rather than dismiss the First Amended Complaint on that basis, and after reviewing Plaintiff's allegations and the Report and Recommendation, the Court finds it prudent to permit Plaintiff **one final opportunity** to file an Amended Complaint that complies with the local and federal rules. Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Report and Recommendation [ECF No. 41] is **REJECTED**. The Court makes no comment on the substance of the comprehensive Report and Recommendation, having concluded in this instance that an amended complaint is necessary to permit proper evaluation of Plaintiff's numerous claims against numerous parties.

2. Consistent with the purpose of Fed. R. Civ. P. 8, Plaintiff will be given one final opportunity to file an amended complaint **not to exceed 20 pages** in length as described herein. Plaintiff's complaint must be filed on the attached "Civil Rights Complaints (Prisoners)," *see* https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-prisoner. **Plaintiff will have no more than 20 pages to describe his allegations. The allotted 20 pages does not include any documentary exhibits Plaintiff wishes to attach in support of his Complaint (e.g., grievances, medical records, sworn declarations), but Plaintiff is reminded that his allegations and Statement of Claim must not exceed 20 pages in length.**

3. On or before **May 30, 2022**, the Second Amended Complaint must be filed, signed under the penalty of perjury, and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Plaintiff shall be provided a form complaint.

4. The Amended Complaint must be labeled "Second Amended Complaint" and must show the case number referenced above, so that it will be filed in this case.

5. The Second Amended Complaint must contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued.

6. Plaintiff is warned that failure to file the Second Amended Complaint on time and in compliance with this Court's Orders shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

7. Plaintiff is advised that the Second Amended Complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

8. The Clerk is further **INSTRUCTED** to provide Plaintiff the "Complaint for Violation of Civil Rights (Prisoner)" form.

9. The referral to Magistrate Judge Reid is **WITHDRAWN** in full.

10. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida 27th day of April 2022.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:

**Reginal L. Holston**
L27714
Charlotte Correctional Institution
Inmate Mail/Parcels
33123 Oil Well Road
Punta Gorda, Florida 33955
PRO SE

counsel of record

Magistrate Judge Reid